## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ROSEBELLA LINEBERRY,

       *Plaintiff,*

v.                                     No. CIV 14-854 RB/KK

CASA REAL HEALTH CARE CENTER,
PREFERRED MANAGEMENT CARE, LP, and
JANE DOE 1 AND JANE DOE 2,

       *Defendants.*

### MEMORANDUM OPINION AND ORDER

Plaintiff Rosebella Lineberry filed a motion to amend her Complaint against Defendants Casa Real *et al.* (Doc. 24) and to remand the case (Doc. 25). Having reviewed the parties' submissions and arguments, the Court **GRANTS** Plaintiff's Motion to Amend (Doc. 24) and **GRANTS** Defendants' Motion to Remand (Doc. 25).

### I.    BACKGROUND

Plaintiff was admitted to the Casa Real Center, jointly operated by Defendants Casa Real and Preferred Care Partners Management Group, after she had surgery on her hip and wrist. (Compl. ¶ 10, Doc. 1-2.) On the evening of March 20, 2013, two nurses, identified as Jane Doe 1 and Jane Doe 2, prepared Plaintiff to take a shower over Plaintiff's objection. (*Id.* ¶ 11.) The nurses "physically forced, assaulted and battered Plaintiff" into a wheelchair while Plaintiff screamed and wept. (*Id.*) During the altercation, Plaintiff's left shoulder was dislocated. (*Id.*) Following the shower, the nurses returned Plaintiff to her room. (*Id.*)

"Over the next several days and weeks," Plaintiff complained about pain in her left shoulder. (*Id.* ¶ 12.) Defendants did not correctly diagnose Plaintiff's injury and she was

"required to undergo painful and inappropriate physical therapy until it was finally discovered she had a dislocated shoulder." (*Id.*) Plaintiff attributes this failure to Defendants' negligence and malpractice. (*Id.* ¶¶ 12-15.) She filed suit in the Fourth Judicial District Court, in San Miguel County, New Mexico. She named Defendants Casa Real, Preferred Care, Jane Doe 1, and Jane Doe 2.

Correctly noting that the residency of Jane Doe defendants is ignored for diversity purposes, Defendants removed the case to federal court. (Doc. 1.) The parties agree that the case was properly removed on the basis of diversity. (Doc. 25 at 2.) Plaintiff, however, filed the current motion to amend her Complaint, stating claims against a non-diverse defendant: nurse Elizabeth Rael, who, like Plaintiff, is a resident of New Mexico. (Doc. 24.) If the Court permits the amendment, the parties agree that complete diversity will be destroyed and the court will have to remand the case. (Docs. 25, 31.) On this basis, Plaintiff filed a motion remand. (Doc. 25.)

## II.    DISCUSSION

Defendant opposes Plaintiff's motions on two grounds. First, Defendants argue that Plaintiff's amendment is futile because it fails to state a claim against Nurse Rael.[1] (Doc. 32 at 2-5.) Second, Defendants argue that the Court should not permit Nurse Rael's joinder because she is a dispensable party who can be dismissed to preserve the Court's subject matter jurisdiction.

---

[1] Defendants also characterize Plaintiff's motion to join Nurse Rael as "fraudulent joinder." (Doc. 32 at 2-3.) Fraudulent joinder is the joinder of a defendant for the sole purpose of defeating removal on diversity grounds. Considering that Defendants have successfully removed the case, the Court bundles this argument into Defendants' futility argument.

2

### A. Futility

Complaint amendments are governed by Rule 15.  When a party moves to amend its complaint, "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, a court may deny leave to amend if it determines that the amendment would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (listing reasons why an amendment may be justly denied).  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."  *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (quoting *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006)).  A futility analysis is similar to a 12(b)(6) motion to dismiss.  *Id.*

 Plaintiff claims that Defendants and their employees, including Nurse Rael, are liable for negligence, rehabilitative malpractice, and the failure to adequately hire, train, and supervise employees.  (Compl.; Doc. 24-1.)  Nurse Rael was the Assistant Head Nurse at the Casa Real facility.  (Doc. 24-1 ¶ 5.)  Plaintiff does not allege that Nurse Rael was one of the Jane Doe nurses who mishandled her.  Rather, Plaintiff theorizes that Nurse Rael is liable because she was the supervisor in charge of the nurses and was responsible for ensuring "the safety and well-being of the residents."  (Doc. 37 at 2.)  Plaintiff alleges that Nurse Rael was acting within the scope and course of her employment at all times.  (Doc. 24-1 ¶ 5.)

Defendants argue that Nurse Rael cannot be held personally liable for negligence if she was acting within the scope of her employment.  (Doc. 32 at 3.)  In support of this argument, Defendants cite *Bourgeous v. Horizon Healthcare Corp.*, 872 P.2d 852, 855 (N.M. Ct. App. 1994).  In *Bourgeous*, the New Mexico Court of Appeals ruled that employees acting within the scope of employment cannot be held liable for wrongful termination because the company, not its supervisors, employs and discharges employees.  *Id.*  Logically, supervisors do not have an

employer-employee relationship with their supervisees.  Personal injury negligence claims are distinguishable.  Courts regularly hear claims of malpractice and negligence against medical facilities and their employees.  *See, e.g., Eckhardt v. Charter Hosp. of Albuquerque, Inc.*, 953 P.2d 722, 732 (N.M. Ct. App. 1997) (negligence claims against clinic director, therapist, and clinic); *Diaz v. Feil*, 881 P.2d 745, 749 (N.M. Ct. App. 1994) (malpractice action against treating physician and hospital); *Baer v. Regents of Univ. of California*, 690, 884 P.2d 841, 846 (N.M. Ct. App. 1994) (medical malpractice claim against doctor, physician's assistant, and hospital).

Plaintiff states a cognizable claim against Nurse Rael.  The proposed amended complaint alleges that Nurse Rael had a duty to train and supervise the nurses at Casa Real and that her negligence caused Plaintiff's injuries.  (Doc. 24-1 ¶ 5.)  Those facts are sufficient to state a plausible claim that Nurse Rael breached a duty of care that she owed Plaintiff.  *Accord Archuleta v. Taos Living Ctr., LLC*, 791 F. Supp. 2d 1066, 1080-81 (D.N.M. 2011) (finding that the plaintiff stated a claim against a nursing home director for negligence and failure to provide sufficient supervision of personnel).

Because the Court finds that Plaintiff's proposed claim is plausible, it holds that it would not be subject to dismissal and is not futile.

**B.  Joinder Analysis**

Although the proposed amendment can be granted under Rule 15, the amendment is complicated by the fact that, if allowed, the joinder of Nurse Rael would destroy the Court's subject matter jurisdiction.  According to the United States Code, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  Nurse Rael is a non-diverse defendant and her presence would defeat the complete

diversity of the parties.  Defendants argue that the Court should decline to allow joinder because Nurse Rael is not an indispensible party to the lawsuit.  (Doc. 32 at 6.)  Plaintiff did not respond to this argument.

A "plaintiff does not have an absolute right to join" non-diverse parties.  *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008).  When the proposed joinder of a defendant threatens to undermine the Court's jurisdiction, the Court must first follow a three-step analysis under Rule 19 and consider (1) whether the party is necessary; (2) whether the party is indispensible; and (3) under the principles of venue and jurisdiction, whether it would be proper for the Court to retain jurisdiction.  *See Salt Lake Tribune Pub. Co. v. AT & T Corp.*, 320 F.3d 1081, 1096 (10th Cir. 2003) (describing multistep inquiry).  To conduct this analysis, the Court must look to "the facts as they existed when the case was filed."  *Id.* at 1097 (quoting *Am. Nat. Bank & Trust Co. of Chicago v. Bailey*, 750 F.2d 577, 582 (7th Cir. 1984)).

Under Rule 19(a), a party is necessary when, among other reasons, "in that person's absence, the court cannot accord complete relief among existing parties."  Fed. R. Civ. P. 19(a)(1)(A).  Plaintiff wishes to hold Defendants liable for the negligent acts of Nurse Rael and the Jane Doe nurses.  In New Mexico, it "is well settled that, under the doctrine of respondeat superior, an employer can be held vicariously liable for the negligent acts of an employee when committed during the course and scope of the employee's employment."  *Baer*, 884 P.2d at 846. However, just because a plaintiff can name both an employee and an employer does not mean that the party must.

"[A] lawsuit based on the doctrine of respondeat superior does not require an employee to be named as a defendant."  *See Lopez, Sr. v. Las Cruces Police Dep't*, 137 P.3d 670, 676 (N.M. Ct. App. 2006).  In *Lopez*, the Las Cruces Police Department argued that it could not be held

5

liable for damages because the negligent employee was not a party to the suit. *Id.* at 674. The New Mexico Court of Appeals dismissed the argument and held that an employee does not need to be "joined as a party to the action" to prove agency and liability under respondeat superior. *Id.* at 676. Under this precedent, if a plaintiff sues a company under a theory of respondeat superior, then a court can provide complete relief without joining the negligent employees. Here, Plaintiff does not allege any independent causes of action against Nurse Rael; each claim is made against all Defendants. In the proposed complaint, Plaintiff avers that Nurse Rael was acting "[a]t all times . . . in the scope and course of here [sic] employment . . . ." (Doc. 24-1 ¶ 5.) Thus, all of the causes of action against Nurse Rael are covered by the theory of respondeat superior. Joining Nurse Rael would be unnecessary. The Court can accord Plaintiff complete relief, under the theory of respondeat superior, with only the Defendant employers in the case.

Because the Court can accord Plaintiff complete relief without joining Nurse Rael, she is not a necessary party to the litigation. Because she is not a necessary party, she is also not indispensible within the meaning of Rule 19. *See Salt Lake*, 320 F.3d at 1098 ("Because we conclude that [the defendant] is not a necessary party, it cannot be an indispensible one and we therefore need not consider Rule 19(b)."). The Court is not required to join Nurse Rael. But that is not the end of the inquiry.

Federal law gives the Court discretion to permit joinder, even when it is not necessary within the meaning of Rule 19. *See* § 1447(e) ("[T]he court *may* deny joinder, or permit joinder and remand the action to the State court.") (emphasis added). "If the defendant is not indispensable, Rule 20(a)(2) permits joinder at the discretion of the district court." *McPhail*, 529 F.3d at 951-52 (citing *State Distrib., Inc. v. Glenmore Distill. Co.*, 738 F.2d 405, 416–17 (10th Cir. 1984)). Rule 20(a)(2) gives Courts discretion to join defendants when (A) "any right to

relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (B) "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2)(A)-(B).  Unquestionably, Plaintiff's causes of action against Nurse Rael and Defendants arise out of the same transaction and involve common questions of fact and law.  Thus, the Court may use its discretion to consider joining Nurse Rael.

"In exercising this discretion, the district court 'typically considers several factors including whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, and whether it was offered in good faith.'"  *McPhail*, 529 F.3d at 952 (quoting *State Distrib.*, 738 F.2d at 416).  First and foremost, the litigation is in its early stages. The parties are in the process of discovery and have not yet filed any dispositive motions. Defendants will not suffer any undue prejudice.  In fact, the parties have already taken Nurse Rael's deposition.  (Doc. 37 at 3.)  As for delay, in her briefing, Plaintiff recounts that she learned Nurse Rael's identity at a deposition on January 26, 2015.  (Doc. 25 at 2.)  Within a week, Plaintiff filed her motion to amend her Complaint and remand.  (Docs. 24, 25.)  Plaintiff did not unduly delay.   Finally, Defendants label Plaintiff's amendment as mere "tactical maneuvering."  (Doc. 32 at 2.)  Yet the Court cannot say that Plaintiff's tactical maneuvering is any different than Defendants'.  In seeking removal and remand, both parties were acting ethically within the bounds of well-established law.

"If the district court determines that joinder is appropriate, § 1447(e) requires remand to state court. If the district court decides otherwise, it 'may deny joinder.'"  *McPhail*, 529 F.3d at 952 (quoting § 1447(e)).  The Court sees no good reason for denying joinder and no strong reason to keep this case in federal court.  On the other hand, joinder and remand would be more

convenient for the parties.  San Miguel County is far closer to the parties, evidence, and witnesses than this Court sitting in southern New Mexico.  Also, permitting joinder accords with the federal courts' liberal joinder rules and with the old maxim that the plaintiff is the master of her complaint.

Considering the balance of factors, the Court will grant the Plaintiff leave to amend her Complaint.  Because amending the Complaint involves adding a non-diverse defendant, which destroys the Court's subject matter jurisdiction, the Court must remand the case to the Fourth Judicial District Court, in San Miguel County, New Mexico.

**THEREFORE**,

**IT IS ORDERED** that:

(1) Plaintiff's Motion to Amend (Doc. 24) is **GRANTED**;

(2) Plaintiff's Motion to Remand (Doc. 25) is **GRANTED**; and

(3) The case is **REMANDED** to state court.

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**